**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

June 11, 2013

**VIA ECF**
The Honorable Sterling Johnson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   **Fahme v. Caine**
      12 CV 4517 (SJ)

      **Aizenman v. Collectco**
      12 CV 4489 (SJ)

      **Katzman v. Mallow**
      13 CV 614 (SJ) (RML)

      **Gottlib v. Miller & Milone**
      12 CV 5706 (SJ) (MDG)

Dear Judge Johnson:

I represent the plaintiffs in the above matters. I have communicated Mr. Fahme that the Court has ordered his appearance on June 12, 2013 at 9:30 a.m. He is presently in Florida where he and his longtime girlfriend have been caring for her elderly father in Boca Raton. I have left a message with the Courtroom Deputy and have provided both his Brooklyn address and the address where they are staying in Florida. Their plan has been to remain in Florida for about two more weeks. Mr. Fahme respectfully requests that he be excused from appearing on June 12, 2013 and that the Court schedule his appearance when he will be back in the Brooklyn.

Where Mr. Fahme was concerned, he went from a successful owner of retail men's clothing stores to being sued by various distributors he has fallen on hard times and he unfortunately amassed a vast amount of personal debt. Over the years he had been

consistently harassed by debt collectors. I also defended Mr. Fahme in lawsuits brought against his company of which in some he was named personally as well.

Putting aside the standing issue, the case against Caine & Weiner addresses an all too common form of telephone harassment which is carried out daily by many collection agencys. In fact, Mr Fahme has been harassed for years now by anonymous robo calls which occur on a daily basis and he has been inundated regularly by pre-recorded messages left on his answering machine. Here is a case where the telephone was answered; the following message was heard. "All our representatives are currently assisting other customers, if you wish to continue to hold please press one."

See . See. Yarbrough v. FMS, Inc., 2010 U.S. Dist. LEXIS 123459, 2010 WL 4826247 (S.D. Fla. Nov. 22, 2010) (Plaintiff alleged that she received a prerecorded dialer message stating: "To speak to a representative regarding this call, please press 1. If you are not interested in speaking with a representative, we will disconnect at this time". The court followed Foti and denied the Motion to Dismiss holding that the messages are "communications" subject to the FCPA); Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336 - Dist. Court, SD Florida 2008) (Adopting Foti and finding that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b). and holding **that Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication.)** *(emphasis added)*

As I stated to Your Honor, the harassment and debts were just too much for Mr. Fame to bear and in the end Mr. Fahme filed for Chapter 7 bankruptcy protection after many years of trying to avoid same. He failed to timely alert me to the fact and unfortunately the claim against Caine & Weiner cannot proceed as Mr. Fahme does not have standing to bring the claim. *See*: In Re Solt, 425 B.R. 263 (Bankr. W.D. Va. 2010) (Only bankruptcy

trustee, and not chapter 7 debtor, had standing to prosecute the scheduled FDCPA claim).

Your Honor has also ordered Mr. Aizenman to appear in Aizenman v. Collectco, Inc. This case already settled. In short, the plaintiff is a law student whom I have known for quite some time. In fact, my wife spent time teaching in the school, the Chabad Academy, where he attended in Myrtle Beach, South Carolina. His parents are emissaries of the Chabad movement in Myrtle Beach whom I have met personally. On May 12, 2012 the plaintiff contacted me stating that he attempted to close his cell phone account with the cell phone company two months earlier, but it insisted that in order to receive certain credits that they owed him he must keep the account open. He clarified with them at the time that he did not wish to incur any more monthly charges and they confirmed that he will not pending resolution of the credit request.

Eventually they credited the account for the amount he requested, but the monthly billing continued. In the end they continually billed him and forwarded the account to a collection agency which harassed him constantly. The collection agency defendant contacted third parties. Furthermore, the agency would not let him dispute the debt. It falsely threatened him with illegal credit reporting and they even added illegal collection charges to this fraudulent debt. He stated that he refused to pay for those months that they fraudulently charged him and he did not think they could get away with this practice and ruin his credit for a debt that did not exist. Hence, we filed this lawsuit where the parties came to an agreement to settle. Mr Aizenman is a law student at Harvard Law School and currently in California working for Irell & Manella at a summer internship. He respectfully requests that he be excused from appearing on June 12, 2013 and instead conduct the conference by telephone.

The next case is Katzman et al v. Mallow. Mr. Katzman has informed me that he will appear at the conference.

In addition, Your Honor scheduled Gottlib v. Miller & Milone, P.C. This case concerns harassment and illegal disclosure of the hospital debt to a third party. Mr. Gottlib has

suffered with a severe lung disease which has gotten worse over the years, which got to a point some time back where the doctors told him if he does not receive a double lung transplant, he will die.

As you can imagine, he had to take off a lot from work because of this disease and he accumulated tremendous hospital debt as well as other debt. He contacted me because he was being harassed on regularly by the debt collectors.  In addition to financial stress and continues harassment and aggravation, his condition got worse and he was put on an emergency list for a donation of not one but two desperately needed lungs.

Recently a 21 year old prisoner in Florida died leaving both of his lungs to be donated to an emergency recipient. Immediately four doctors from New York Presbyterian Hospital flew to Florida and obtained the lungs. The surgery was performed within a twenty four hour time frame. The operation cost more than a million dollars and was thank G-d a success.  Mr Gottlib is in middle of a continuing recovery.

Your Honor pointed out that I have filed about 1700 cases since the early 2000's.  I would like to describe my practice.

As a preface, I want to point out to the Court that debt collector harassment has been on the rise in recent years.  The FDCPA was enacted in the late 1970's and Congress gave the mandate to private attorneys to assist in curbing harassment.  I have been committed to doing since I started commencing lawsuits in 1996.  I take pride in that the fact that I have brought many matters on behalf of consumers where the text of the letter or voicemail was inter alia deceptive, falsely threatening and where the consumer was not given full disclosure of his or her rights to dispute the debt or seek verification thereof.

I believe that many collection agencies have modified their letters based upon the allegations raised in the complaints I have filed. I have been told that many of the collection letters that are in compliance today are a result of my many lawsuits which forced most of the nationwide collection agencies in to compliance. In fact I have been

told many times by counsel for the debt collection agencies that they thank me for bringing to their attention these violations and they will do everything in their power in the future to comply with the law.

I have quoted from Your Honor's decision in Cavallaro v. Law Office of Shapiro & Kreisman, 933 F. Supp. 1148, 1153 (E.D.N.Y. 1996) (Stating: "The Second Circuit also has warned debt collectors against loosely interpreting the FDCPA.") (citing Russell, 74 F.3d at 35); accord Blair v. Sherman Acquisition, 2004 U.S. Dist. LEXIS 25106, No. 04 Civ. 4718, 2004 WL 2870080, at *2 (N.D. Ill. Dec. 13, 2004) ("Because it is designed to protect consumers, the FDCPA is, in general, liberally construed in favor of consumers to effect its purpose.").

Your Honor asked if any of my matters went to trial.  One matter was Long v. Paul Michael which was tried before Judge Spatt.  My client was present and testified.  I had another matter which was tried before Magistrate Judge Smith in the Southern District of New York in White Plains.  It was entitled Blanc v. Palisades Collection and Pressler & Pressler.  My client was present and testified.  He was awarded statutory damages. However, I believe that most of the matters I bring are settled becasue the collection agencies do not dispute that the FDCPA was violated. The rest of the cases can be decided upon a motion for summary judgment.

I have had many decisions issued by Courts within the Eastern District of New York. Many of these decisions have been quoted by the Second Circuit and other Courts around the country. In short, I would define my practice as one which is fully devoted to being a private attorney general enforcing the FDCPA and providing consumer protection. See. *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 2012 U.S. App. LEXIS 15861, 83 Fed. R. Serv. 3d (Callaghan) 96, 2012 WL 3104620 (9th Cir. Cal. 2012) (Stating: "The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.S. § 1692 et seq., is a consumer protection statute and is intended to permit, even encourage, attorneys to act as private attorneys general to pursue FDCPA claims.

Many clients of mine came from a firm which represents the union of traffic enforcement officers in the City of New York. The union contract provided for representation in various areas of the law including matrimonial, bankruptcy and defending collection suits. Understandably, traffic enforcement officers came to Fagenson & Puglisi in financial distress and having been dunned by collection agencies. I resolved many matters where the clients received the maximum statutory damages award of $1000.00. Some in addition received an award for actual damages where there was collection agent harassment against the consumers over the telephone. I believe that the statutory damage cap has not been adjusted due to inflation that but is something beyond my control and should be addressed with Congress. Despite that, to these traffic enforcement officers, the $1000.00 statutory damage award was significant enough to give them some relief and augment their income.

Others matters have come from bankruptcy attorneys who deal with people in financial distress and constant harassment. Consumers must present all debts to the bankruptcy attorney so that all debts can be set forth in the schedule of debts so that they can ultimately be discharged.

I have even had representatives of collection agencies and at least one general counsel of a collection agency refer matters to me. Due to the reputation I have developed over the years, representatives of collection agencies and general counsel believe that I have developed knowledge of the Fair Debt Collection Practices Act and contact me asking for advice and ideas on how to be more compliant.

In addition, Your Honor while I am sure there are other close knit communities, I lived in the Crown Heights section of Brooklyn from 1994 until 2000. I have family there and my children go to school there. There are quite a number of people with financial issues and the community is very supportive. There are those who distribute food for the Sabbath and holidays and those who provide advice to people about getting out of financial distress and improving their credit. I am known in the Crown Heights Jewish

Community as an attorney who brings these types of cases.  I also am known somewhat in the Boro Park section of Brooklyn so some of my clients reside their as well.  Many Orthodox Jews have large families where the stress over tuition and other expenses makes life quite challenging. It is just the unfortunate economic reality that there are certain segments of the Crown Heights and Boro Park communities that are harassed and constantly being contacted by debt collectors.

I was graduated from Touro Law Center.  While I had aspirations of becoming as associate at a prestigious Manhattan firm, that was not meant to be.  After having graduated from law school, I became familiar with the Fair Debt Collection Practices Act.  With little knowledge of federal practice, at the swearing in ceremony at the then Courthouse in Uniondale, I was inspired by the presentation of Magistrate Judge Michael Orenstein who spoke about the importance of being on the pro bono panel.  I approached the pro bono staff attorney and took upon a couple of matters in order to become exposed to federal practice.

As the Fair Debt Collection Practices Act provides for damages on a classwide basis, I associated myself with various consumer law firms from Chicago in the late 1990's.  I will never forget the matters we had against North Shore Agency and some substantial creditors named in those lawsuits.  Judge Sifton rendered various decisions about the FDCPA and about class certification concerning those matters.  I found some aspects of the litigation quite stressful and demanding and experience means failure, but it gave me the tools to become a better more experienced attorney.  I had the courage become class action in my own right in the matter of <u>Namdar v. Manhasset Diagnosic Imaging and JAS Collection Agency</u>.  The matter was before Judge Mishler.  He certified the matter and found me to be adequate class counsel.  However, the litigation was fierce as the defendants filed two interlocutory appeals with the Second Circuit.  Eventually the matter was resolved.  I was certified as class counsel in other matters as well.  The opinion granting class certification of <u>Kalish v. Karp</u> before Judge Preska was set forth in the New York Law Journal as a decision of interest.

While the Court has recognized that I have filed about 1700 since the early 2000's, I have kept my practice relatively small and attend every conference personally. Unfortunately, since I am only one attorney, I cannot address all of the debt collector harassment and other types of consumer fraud.

Although there are many areas of the law, due to the current financial situation most people find them self in need of the FDCPA protections. The FRBNY reported that 14.6 percent of American consumers had an account in the third party debt collection system. The FTC has reported that the amounts of consumer complaints against collection agencies are increasing drastically year over year.

In summation, my clients are real consumers who for whatever reason, mostly financial distress, some dispute over a charge and some perhaps are just financially irresponsible, come to me with their claims of harassment and other collection issues. I have tried my best to represent these consumers. My clients have been appreciative of my efforts.

I hope that foregoing will give Your Honor some comfort that as an officer of the court I recognize the privilege of practicing law, and I am committed to assisting consumers with the proper intentions and the proper respect for practicing law in the Eastern District of New York.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:   Jonathan D. Elliot, Esq.
      Wendy Shepps, Esq.